JESSIE L. COLSON, trustee of Francis W. Pancoast,

*v.*

OMAR B. PANCOAST et al.

[Submitted July 1st, 1907.   Decided July 3d, 1907.]

Testator devised land to his son, subject to a charge for a sum named in favor of a grandson, to be paid when he arrived at the age of twenty-one years, interest, however, to be paid on the same annually "clear of tax" to his trustee. A succeeding clause of the will imposed a like charge on the land in favor of another grandson, but omitted the provision that the annual payments should be made "clear of tax."—*Held*. that the use by testator of the unnecessary words "clear of tax" in one clause and their omission in the succeeding clause did not manifest an intention on his part to authorize a deduction for taxes from the annual payments directed to be made in the succeeding clause.

On bill and answer.

*Mr. Enoch S. Fogg,* for the complainant.

*Mr. Joseph J. Summerill,* for the defendant.

LEAMING, V. C.

The issue presented requires the construction of the will of James C. Pancoast, deceased. The provisions of the will touching which the present controversy arises are as follows:

- "I give and devise my John Moore farm (so called) and the Dr. Sharp meadow used with it unto my son, Omar B. Pancoast, to him and his heirs in fee. I charge this farm with payment to my wife, Charlotte, of a yearly sum of one hundred and fifty dollars, in half-yearly payments during her life, first payment in six months after my decease. I also charge said farm with a sum of two thousand dollars to be by my said son, Omar B., paid to my grandson, James C. Pancoast, Jr., son of my son, Samuel Pancoast, when he arrives at the age of twenty-one years, interest, however, to be paid on the same at the rate of 4½ per cent. per annum, clear of tax, to his trustee, commencing one year after my decease. I also charge said farm with the payment of a sum of three thousand dollars, to be paid to my grandson, Francis W. Pancoast, son of my deceased son, Frank Pancoast, when he arrives at the age of twenty-one years, interest, however, to be thereon paid at the rate of 4½ per cent. per annum to his guardian, commencing one year after my decease."

The single question for determination is whether the annual payments for the benefit of Francis W. Pancoast must be made by the owner of the land which is subject to the charge to the full amount of four and one-half per cent. of $3,000 without any deduction for taxes. The contention is that inasmuch as testator specifically provided that the annual interest payments on the preceding $2,000 charge named in the will should be made without any deduction on account of taxes, the omission of that provision in the somewhat similar succeeding clause manifests an intention upon the part of testator in the latter instance, to authorize a deduction for taxes.

I am unable to reach the conclusion that testator intended that taxes should be deducted from the amount which he names as the annual payments to be made by the devisee for the benefit of Francis W. Pancoast. The language used by testator is entirely clear. He directs the annual payment of four and one-half per cent. interest on the principal sum of $3,000, and no possible suggestion could arise that he desired any deductions to be made from these annual payments but for the fact that in the preceding clause of a similar nature he uses the additional words "clear of taxes." But the use by testator of these wholly unnecessary words in the former clause will not justify a conclusion that testator did not accurately express his meaning and purpose in the well-selected language of the latter clause. If the language of the latter clause, standing alone, could be said to be of doubtful

import, the maxim, *expressio unius est exclusio alterius,* might be advantageously invoked in aid of construction; but as the language used is clear and of no uncertain meaning, I am convinced that no justification can be found for attributing to testator a meaning different from that expressed. Testator may have, in the first instance, used the words "clear of tax" with the thought that without these words taxes would be deducted from the amount ordered to be paid, but this cannot be properly assumed as a fact. The addition of unnecessary words to a sentence already sufficiently clear, with a mere purpose of "making certainty additionally certain," is not unusual. I will advise a decree in accordance with the prayer of the bill.